IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-10045-01-JTM |
| | ) | |
| PATRICK STEIN, | ) | |
| Defendant | ) | |
| _____ | ) | |

## MOTION FOR DOWNWARD VARIANCE
## AND SENTENCING MEMORANDUM

COMES NOW, the defendant, Patrick Stein, by and through his attorney, James Pratt and provides this Court with his sentencing memorandum and motion for downward variance pursuant to 18 U.S.C. § 3553 (a). In support of his motion, Mr. Stein provides the following.

**Factual Background**

Patrick Stein has plead guilty to and been convicted of one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The indictment against Mr. Stein was filed on March 16, 2017, following the discovery child pornography on three electronic devices found in his home during the execution of an unrelated search warrant: A HP Pavilion dv6000 laptop computer with a 120 GB hard drive; a Black/red 16 GB SanDisk Cruzer USB drive, hereinafter "SanDisk 1"; and a (second) Black/red 16 GB SanDisk Cruzer USB drive, hereinafter "SanDisk 2." PSR ¶ 19 a)-c). The laptop computer was found unused on a closet shelf, while the

USB drives were found at the bottom of a trash can in the living room of Mr. Stein's home along with six other thumb drives that did not contain any contraband.

While searching the devices in the unrelated case, FBI forensic examiners found suspected contraband images and obtained a second search warrant. During the execution of this second search warrant examiners located approximately 390 *suspected* images of child pornography on the three devices.

As set out in the presentencing report the HP laptop contained approximately 72 images in the computers thumb cache or the Yahoo Messenger app, ℙ 20 a) i); SanDisk 1 contained approximately 280 images in various named folders, ℙ 20 a) ii); and SanDisk 2 contained approximately 37 images in a folder called Pics, ℙ 20 a) iii). SanDisk 1 and SanDisk 2 each contained a video of possible child pornography in folders that also contained adult videos. ℙ 20 b). Overall the two SanDisk USB drives held over 12,500 images of various adult pornography and erotica covering a wide spectrum of categories.

Mr. Stein has emphasized the word "suspected" above because after a joint review of the evidence between defense counsel and the government it was agreed that many of the images were of child erotica, not child pornography, and one of the videos was filmed in such a way as to make it difficult if not impossible to determine if either of the participants were under the age of 18. This is partially the reason for the parties' agreement to limit the number of images in the plea agreement to a maximum of 150.

The presentencing report cites the FBI forensic report to indicate the last date of file activity occurring on the devices. As set out in paragraphs 19 a)-c) those dates are as follows:

a) HP Pavilion laptop – last file activity was December 23, 2014. It is counsels understanding that this date represents the last time the laptop was shut down and that it had not been turned on since that date.

b) SanDisk 1- last file activity was May 18, 2013.

c) SanDisk 2 – last file activity was March 18, 2013.

While the PSR does not indicate when the files were added to the two USB drives, the defendant's forensic examiner has indicated that *all* images, both contraband, and non-contraband, were copied on to the drives on the same date: November 13, 2011, nearly five years before Mr. Stein's arrest, and there is no evidence that any images were added after that date. Nor is there any evidence that *any* of the images on the two USB drives were viewed after their last file activity dates.

**Argument and Authority**

Although Mr. Stein, does not object to the *manner* in which the United States Probation Office calculated his offense level in the Presentence Report (PSR), and concedes that such calculation comports with the current provisions of the United States Sentencing Guidelines. Nevertheless, Mr. Stein contends that the total offense level of 25 provides for a guideline sentence (63-78 months) that is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a)(2) for his particular offense given the facts set out above. Unlike other guidelines, U.S.S.G. § 2G2.2 has come under greater scrutiny and criticism by courts as regularly imposing harsher sentences than would be necessary under 18 U.S.C. § 3553(a).

As this Court is aware, the specific offense characteristic enhancements of § 2G2.2 do relatively little to differentiate one defendant from the other, which is specifically contrary to the dictates of *United States v. Booker* 543 U.S. 220, (2005) and the 18 U.S.C. § 3553(a) factors the Court must consider. While the Guidelines are advisory and no longer mandatory, *see Gall v. United States*, 128 S.Ct. 586, 594, (2007), § 3553(a) continues to be mandatory. And § 3553 (a)(1) continues to require the Court to consider the unique characteristics of the individual defendant and his specific offense.

While the sentencing guidelines remain a starting point in the 18 U.S.C. § 3553 analysis, they no longer control the district courts. *See Rita v. United States* 551 U.S. 338 (2007), *see also United States v. Conlan*, 500 F. 3d 1167, 1169 (10th Cir. 2010) ("Rita calls on district courts to 'subject the defendant's sentence to . . . thorough adversarial testing', including consideration of arguments that the guideline sentence 'fails properly to reflect § 3553(a) considerations'") (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

The Sentencing Commission, in its 2012 Executive Report, stated that pre- and post-PROTECT ACT sentencing data "indicate that a growing number of courts believe that the current sentencing scheme in non-production offenses is overly severe for some offenders." *See* 2012 Report, Executive Summary, p.ii. The report found that, given the advancement of internet technologies, "four of the six sentencing enhancements in § 2G2.2---those relating to computer usage and the type and volume of images possessed by offenders, which together account for 13 offense levels---now apply to most offenders[] and, thus, fail to differentiate among offenders in terms of their culpability." *Id.* This is in opposition to 18 U.S.C. § 3553 (a)(1) which directs that

each defendant shall be sentenced based on the "nature and circumstances of the offense and the history and characteristics of the defendant."

Any sentence imposed must be "sufficient, but not greater than necessary," to accomplish the *individualized* purposes of punishment. 18 USC § 3553(a). Rather than being hamstrung by a mandatory Guidelines calculation, a court may impose a non-Guidelines sentence (1) "on the basis of traditional departure grounds," (2) "because the Guidelines sentence itself fails to properly reflect § 3553(a) considerations," or (3) "because a case warrants a different sentence regardless." *United States v. Rita*, 127 S. Ct. 2456, 2465 (2007). "[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id*. *United States v. Angel-Guzman*, 506 F.3d 1007 (10th Cir. 2007), cautioned that when the district court is considering what sentence to impose, "[t]he Sentencing Guidelines range does not apply, even presumptively, until the court has considered all relevant circumstances in light of § 3553(a)." *Id*. at 1015.

In Mr. Stein's case, three of these four ubiquitous enhancements cited by the Sentencing Commission's 2012 Executive Report are present and combine to increase Mr. Stein's guideline range by 8 offense levels. *See* PSR ¶¶ 30 (age of the child), 31 (sadistic or masochistic conduct), and 32 (use of a computer). Without these enhancements, Mr. Stein's total offense level decreases from level 25, or 63-78 months, to level 17, or 27-33 months, including acceptance of responsibility points. Guideline enhancements which apply equally to virtually every defendant is not individualized sentencing but rather robotic, assembly line sentencing the Supreme Court sought to avoid through cases such as *Rita*.

WHEREFORE, for the above and foregoing reasons, and for any additional reasons presented at oral argument on the motion, Defendant Patrick Stein prays this Court consider the matters contained within this Motion for Downward Variance and Sentencing Memorandum and find a guideline sentence of 27-33 months is "sufficient, but not greater than necessary" to accomplish a substantially reasonable sentence in this case.

s/ James R. Pratt
JAMES R. PRATT, #17716
445 N. Waco
Wichita, Kansas 67202
Ph: (316) 262-2600
Fax: (316) 262-2602
Jim@JamesRPrattLaw.com
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none

<pre>
                                        s/James R. Pratt
                                        JAMES R. PRATT #17716
                                        Attorney for Defendant
                                        445 N. Waco
                                        Wichita, Kansas 67202
                                        Ph: (316) 262-2600
                                        Fax: (316) 262-2602
                                        Jim@JamesRPrattLaw.com
</pre>